# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM LEWIS HOWELL | ) | C.C.A. NO. 03C01-9703-CR-00095 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RAY L. JENKINS |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CRIMINAL COURT OF KNOX COUNTY

FOR THE APPELLANT:

LESLIE M. JEFFRESS
1776 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General

CHARME JOHNSON
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the trial court's dismissal of his petition for post-conviction relief without conducting an evidentiary hearing and without considering the merits of the petition. We reverse the judgment of the trial court and remand this case for further proceedings.

The Defendant was originally convicted on a jury verdict of aggravated sexual battery and was sentenced to serve thirty years as an especially aggravated offender. This court affirmed his conviction on direct appeal in 1987.[1] The Defendant apparently filed a timely petition for post-conviction relief alleging that he received ineffective assistance of trial counsel.[2] The trial court has never conducted an evidentiary hearing on the merits of the petition for post-conviction relief.

This is the second time that the trial court has dismissed the petition for post-conviction relief. The trial judge first dismissed the petition for "failure to prosecute" in an order dated November 16, 1995. After the Defendant appealed that dismissal, the State acknowledged that the dismissal was not supported by the record and asked that the case be remanded to the trial court for further consideration. This Court granted the State's motion, pointing out that the trial court had not set forth in its order or a written memorandum all grounds

---

[1]See State v. William Howell, alias William Lewis Howell, C.C.A. No. 1113, Knox County (Tenn. Crim. App., Knoxville, June 30, 1987).

[2]The original petition for post-conviction relief is not found in the record on appeal. Both the amended petition, which is in the record, and the trial judge's order of dismissal, recite that the original petition was filed November 30, 1988.

presented in the petition with findings of fact and conclusions of law regarding each ground as required by law. Tenn. Code Ann. § 40-30-118(b) (repealed 1995). If the trial court again determined that the petition should be dismissed without an evidentiary hearing, the court was directed to "enter an appropriate order setting forth its findings and its conclusions of law as to each of the claims raised in the petition." This order was entered by this Court on April 15, 1996.

On October 9, 1996, the trial court, apparently acting sua sponte, entered a new order dismissing the petition. This was done without a hearing and apparently without any notice to the Defendant or his appointed counsel. A few days after the entry of the trial court's order dismissing the petition a second time, Defendant's appointed counsel filed a motion requesting the trial court to reconsider its dismissal. After hearing argument on the motion the trial court denied the request, stating "Well, at this juncture I've decided that it ought to be dismissed, and if the Court of Criminal Appeals in its infinite wisdom decides that it needs to be sent back, then I'll hear it; otherwise no."

It is readily apparent that the trial court did not adhere to or comply with the order of this Court remanding this case on April 15, 1996. For this reason, we must again reverse the order of the trial court dismissing the petition and again remand this case for further consideration.

In the order dismissing this case after this Court had remanded it to the trial court, the trial judge stated as reasons for dismissing the petition the following:

From the initial filing of this petition, the defendant/petitioner has had 26 hearing dates assigned and three attorneys appointed to represent him at his request. On the last hearing date, November 16, 1995, the defendant/petitioner again requested a new attorney and the Court dismissed the petition. As a result the Court finds that the defendant has been furnished adequate time and sufficient legal assistance to prosecute this petition, that he has refused and failed to present any proof sustaining his allegations that would support post-conviction relief, that he has failed to carry his burden of proof either by preponderance of the evidence or clear and convincing proof and has indeed abandoned his claim.

As a result the defendant/petitioner's Petition is without merit in each and every instance and the same is again DISMISSED.

As we have noted, this post-conviction petition was filed on November 30, 1988, and the trial court has never conducted an evidentiary hearing on or addressed the merits of the allegations or grounds for relief raised in the petition. During the entire time this petition has been pending in the trial court, the Defendant has remained incarcerated in the Tennessee Department of Correction. The record on appeal does not reflect why a hearing was not conducted on any of the "twenty-six hearing dates" referred to by the trial judge. Obviously, the Defendant cannot present any proof in support of his allegations unless and until an evidentiary hearing is conducted, with the Defendant present and afforded the opportunity to present testimony or other evidence. There is nothing in this record to support the trial court's finding that the Defendant has abandoned his claim. While the Defendant's petition for post-conviction relief may well be totally without merit, there is simply nothing in this record that supports this finding by the trial judge.

For the reasons stated in this opinion, we conclude that this case must be again remanded to the trial court for further consideration. We also conclude that the interests of fairness, justice and judicial economy would be better served if

a judge other than the trial judge who has twice dismissed this petition conducts such further proceedings.

The judgment of the trial court is reversed and this case is remanded for further proceedings. Upon remand, the Honorable Ray L. Jenkins shall be recused from further consideration of this matter.

    _____
    DAVID H. WELLES, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
JOHN K. BYERS, SENIOR JUDGE